FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ANTHONY JONES, | No. 15-15561 |
| Plaintiff-Appellant, | D.C. No. 1:08-cv-00069-LJO-DLB |
| v. | |
| COUCH, CDC ISU Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

California state prisoner Mark Anthony Jones appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

in his 42 U.S.C. § 1983 action alleging a First Amendment retaliation claim. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

legal rulings on exhaustion, and for clear error its factual findings on disputed issues of material fact. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We vacate and remand.

The district court found that the September 20, 2007 grievance "asked why his wife was denied visitation, why she was searched and why she was threatened," and this did not put the prison on adequate notice of Jones' retaliation claim. *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress."). However, the district court's finding was clearly erroneous because it overlooked Jones' uncontradicted testimony that he alleged in his grievance that defendant Couch threatened to move him to the Security Housing Unit if Jones filed a grievance about the denial of his wife's visit. *See Myers v. United States*, 652 F.3d 1021, 1036 (9th Cir. 2011) (district court's factual findings were clearly erroneous where the court ignored evidence).

Accordingly, we vacate and remand for further proceedings.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**